Defendant-appellant Aroldo Licardi, after entering a plea of guilty, appeals from his conviction of attempted rape in violation of R.C. 2907.02/2923.02 and sexual battery in violation of R.C. 2907.03(A) (5). The appellant was sentenced to a term of incarceration of eight years on count one and five years on count two, to be served concurrently. The court also found the appellant to be a sexually oriented offender and advised the appellant of the requirement that, subsequent to his incarceration, he register with the Cuyahoga County Sheriff's Office. On advice of counsel, the appellant refused to sign the notification form required by R.C. 2950.03.
On September 25, 1996, the appellant molested a child born on July 18, 1991. At the sentencing hearing the court permitted the victim's parents to speak. The father stated that his daughter has been affected. The victim's mother requested justice and asked that the maximum sentence be imposed.
The appellant's attorney stated that the appellant is an uneducated thirty-year-old illegal immigrant who has no prior criminal record. The attorney informed the court that the INS is aware of this matter and intends to deport the appellant the moment he has completed his sentence. The victim's mother indicated to the court that she believes that the possible deportation of the defendant should have no influence on the sentence.
The appellant stated that he did not touch the child (T. 5) and that this was an accident, he was playing with the child, exercising. The appellant informed the court that the child has been known to lie (T. 6). The appellant then admitted that the child was hurt, but that she was hurt by his foot (T. 6). The appellant indicated that he was willing to serve his time, but requested a just sentence.
The trial court found:
 [T]he pre-sentence report indicates that the evidence would have shown that this child had abrasions and contusions both outside of her sexual parts and inside. While I accept your — what you say, the court has to decide who to believe, and I'm sorry, but I do not believe you. Accidents like this do not happen with a foot, and plain exercising with the baby does not make for abrasions inside a young child's vagina. So I accept what you say, but I do not condone what you did. And I am going to impose what I feel is a just sentence.
(T. 6).
The court went on to say:
 However, the court makes a finding that this is the most serious form of a crime and that I'll say for the record that recidivism isn't the only reason you put down here, isn't the only reason for determining the length of the sentence should be appropriate. So I find, one, that there was physical harm, that it was a sex offense, and I believe that the maximum is in fact — the defendant has shown no remorse, has pled, and I see no reason for any mercy except that I'm going to order the sentence be served concurrently.
(T. 7).
When counsel for the appellant questioned the court regarding the fact that the probation report found only three factors to be aggravating factors and that the other five factors were not found, the court stated:
 That's fine. I will in fact make that part of the record. The injury — the seriousness factors are — there are three, I don't have to find all eight — that the Probation Department says the injury to the victim was worsened by the physical or mental condition or age of the victim. That's in fact true, I make that finding. Victim suffered serious physical, psychological or economic harm. I believe that that's true, psychological harm as well as some physical harm. I do not believe — the only other one that applies is the relationship with the victim facilitated the offense, and my understanding is that he was a trusted friend and he was caring for the child at the time. So I find that all those — those are the ones that apply. You are absolutely correct. The other five do not apply, but I do not have to find all eight and I do not find all eight, and I do not find that there are any less serious factors, including victim induced or facilitated, offender acted under strong provocation or there was no physical harm.
 I also do not find there is substantial grounds for mitigation and I — well, it doesn't give me any pleasure to do this —
 Attorney: Your Honor, just so the court is aware, the fact my client has no prior record is a mitigating factor. I just wanted to make the record clear, sir.
 Court: That's fine. I do not accept that in this case as a proper factor to be mitigated.
 I might also just add for the purposes of the record, so when and if this is reviewed, I believe that this is the kind of case where the State has an absolute — the court has an absolute obligation to protect the public, and that's what I'm doing.
Attorney: Thank you, sir.
 Court: I also believe the punishment fits the crime.
(T. 8-10).
The appellant sets forth two assignments of error.
The appellant's first assignment of error:
 REVISED CODE 2950.01 ET SEQ. IS UNCONSTITUTIONAL AND THE COURT VIOLATED THE APPELLANT'S RIGHTS UNDER THE U.S. AND OHIO CONSTITUTIONS.
The appellant asserts that R.C. 2950.01 et seq. violates theex post facto provisions of both the U.S. and the Ohio Constitutions. In State v. Cook (1998), 83 Ohio St.3d 404, the Ohio Supreme Court concluded that R.C. 2950.09(B) (1) as applied to conduct prior to the effective date of the statute, does not violate the Retroactivity Clause of Section 28, Article II of the Ohio Constitution. Further the court held that R.C. 2950.09(B) (1) as applied to conduct prior to the effective date of the statute, does not violate the Ex PostFacto Clause of Section 10, Article I of the United States Constitution. See syllabus one and two.
The appellant's assignment of error is not well taken.
The appellant's second assignment of error:
 THE TRIAL COURT ABUSED ITS DISCRETION BY IMPOSING THE MAXIMUM SENTENCE ON EACH COUNT.
The appellant contends that while there is a presumption of prison under R.C. 2929.13(D) for a second degree felony such as attempted rape, the court erred in imposing the maximum eight-year sentence on an appellant who has no prior record and who entered a guilty plea. The appellant asserts that pursuant to R.C. 2929.12(B)-(E) there are numerous factors to be considered at sentencing and, that since there is nothing unique about the factors cited by the judge that are not found in other similar cases, the court improperly imposed the maximum sentence. In essence, the appellant argues that an attempted rape of a five-year-old child always has consequences for the victim, and thus the trial court should not impose the maximum prison sentence allowed by law. We find this contention preposterous.
The legislature has set forth the purposes of felony sentencing at R.C. 2929.11:
 (A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.
 (B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.
R.C. 2929.12(A) states that unless a mandatory prison term isrequired by R.C. 2929.13(F), a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles set forth above. In the case sub judice, the appellant's first conviction is for attempted rape. R.C.2929.13(F) required the court to impose a mandatory prison term
for a rape or an attempt to commit rape by force since the victim was under thirteen years of age. Thus, under the exclusion specifically stated in R.C. 2929.12(A), the court was not required to consider the other factors set forth in R.C.2929.12. Similarly, see R.C. 2929.13(A) and (F)(2).
As to count two, sexual battery[1], the court was required to, and did consider the factors set forth in R.C. 2929.12. Under sections (B) and (C) the court was required to consider factors relating to the seriousness of the conduct and under sections (D) and (E) the court was required to consider factors concerning the likelihood of recidivism. The court was permitted to consider any other factors it considered relevant. R.C. 2929.12(A).
The language used by the court indicates that it specifically applied R.C. 2929.12(B)(1), the child suffered physical and mental injury due to the conduct of the appellant exacerbated by the age of the victim; R.C. 2929.12(B)(2) the victim suffered serious psychological harm as well as physical harm; and the court considered R.C. 2929.12(B)(6) the offender's relationship with the victim facilitated the offense.
The court also considered the factors set forth in R.C.2929.12(C) which would indicate that the offender's conduct was less serious than conduct normally constituting the offense. The court found that the victim did not facilitate the offense, R.C. 2929.12(C)(1); found that the appellant did not act under strong provocation, R.C. 2929.12(C)(2); and, found that there was physical harm, R.C. 2929.12(C)(3).
The court specifically found that the appellant exhibited no remorse, factors listed under the sections requiring the court to consider the likelihood of the appellant committing future crimes. See R.C. 2929.12(D)(5) and R.C. 2929.12(E)(5).
The trial court's imposition of the maximum sentences was supported by clear and convincing evidence. See State v. Assad
(June 11, 1998), Cuyahoga App. Nos. 72648, 72649, unreported;State v. Sheppard (Nov. 7, 1997), Hamilton App. No. C-961083, unreported.
The appellant's second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JOHN T. PATTON, P.J., and ANNE L. KILBANE, J., CONCUR.
 _______________________________ JAMES D. SWEENEY JUDGE
N.B. This entry is an announcement of the court's decision. See App. R. 22(B), 22(D) and 26(A); Loc.App.R. 27. This decision will be journalized and will become the judgment and order of the court pursuant to App. R. 22(E) unless a motion for reconsideration with supporting brief, per App. R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App. R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).
[1] This court notes that in the version of R.C. 2929.13(F) effective on 1-1-97, sexual battery where the victim is under thirteen years of age is included as an offense requiring the imposition of a mandatory prison term.